IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,** : | |
| : | **Case No. 2:08-cv-14** |
| **Plaintiff,** : | **Judge Holschuh** |
| v. : | **Magistrate Judge Kemp** |
| **METRO FITNESS, INC.,** : | |
| **Defendant.** : | |

## **MEMORANDUM OPINION & ORDER**

Plaintiff Elaine Chao, Secretary of Labor, filed suit against Metro Fitness, Inc., alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* On behalf of seventeen Metro Fitness employees, Plaintiff seeks to recover unpaid overtime compensation and liquidated damages and seeks to enjoin Metro Fitness from further violations of the FLSA. This matter is before the Court on Plaintiff's request to strike Defendant's jury demand from Count I of Plaintiff's Complaint, the claim for injunctive relief brought pursuant to 29 U.S.C. § 217. (Record at 6). For the reasons stated below, the Court grants Plaintiff's motion.

Plaintiff alleges that since March 27, 2005, Metro Fitness has violated the FLSA, 29 U.S.C. § 215(a)(2), by failing to compensate its employees at a rate of at least one and one-half times their regular employment rate for the time worked in excess of forty hours per week. Plaintiff further alleges that Metro Fitness has violated the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to keep and preserve accurate records. In Count I of the Complaint, Plaintiff seeks to enjoin Metro Fitness from further violations of the FLSA pursuant to 29 U.S.C.

§ 217.[1] In Count II, Plaintiff seeks to recover unpaid overtime compensation and liquidated damages under 29 U.S.C. § 216(c).[2]

Defendant filed an Answer, which included a jury demand. Plaintiff filed a motion to strike the jury demand in regard to Count I, arguing that because Count I seeks equitable relief, Defendant is not entitled to a jury trial on that Count. In response, Defendant argues that a jury demand cannot be stricken for one claim and not the other. Defendant maintains that because it is clearly entitled to a jury trial on the claim for overtime compensation, Plaintiff's motion must be denied. The Court disagrees.

The Seventh Amendment guarantees a right to a jury trial when legal rights are involved, but that guarantee does not extend to claims for equitable relief. See Parsons v. Bedford, Breedlove & Robeson, 28 U.S. 433, 446-47 (1830). In the present case, both parties agree that a cause of action under 29 U.S.C. § 216(c) is legal in nature, and that a cause of action under 29 U.S.C. § 217 is equitable in nature. If Plaintiff had filed suit under only one of these sections, there would be no dispute concerning Defendant's right to a jury trial. As the Fourth Circuit noted in Martin v. Deiriggi, 958 F.2d 129, 134 (4th Cir. 1992), "[a]ctions for injunctive relief under § 217 are equitable in nature even though they may result in an order of back pay, thus the

---

[1] 29 U.S.C. § 217 states "[t]he district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . . ."

[2] 29 U.S.C. § 216(c) states "[t]he Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages."

defendant has no right to a jury trial. Suits under § 216 for back pay and liquidated damages are considered actions at law, thereby implicating the defendant employer's right to a jury trial." See also Lorillard v. Pons, 434 U.S. 575, 580 n.7 (1978).

The question in this case is whether the inclusion of claims for both legal and equitable relief in Plaintiff's Complaint entitles Defendant to a jury trial on both counts. In the Court's view, there is no reason why a jury cannot first decide the claim for unpaid overtime compensation, and then, guided by the jury's award, the Court can decide whether equitable relief and liquidated damages are also warranted.[3] In fact, many other courts have held that when a suit is brought under § 216(c) and § 217, this is the appropriate course of action. See, e.g., Brock v. D&R, Inc., No. 86-2206, 1986 WL 15450, at *3 (W.D. Ark. Nov. 26, 1986); Marshall v. Morse Operations, Inc., 514 F.Supp. 604, 606 (S.D. Fla. 1981); Marshall v. Hanioti Hotel Corp., 490 F.Supp. 1020, 1025 (N.D. Ga. 1980).

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to strike Defendant's jury demand in regard to Count I of the Plaintiff's Complaint (Record at 6).

---

[3] Pursuant to 29 U.S.C. § 260, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." The Sixth Circuit has held that an award of liquidated damages is a matter for the court to decide. See McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir. 1971) (citing Martin v. Detroit Marine Terminals, Inc., 189 F.Supp. 579, 580-81 (E.D. Mich. 1960)).

**IT IS SO ORDERED.**

Date: June 17, 2008                              **/s/ John D. Holschuh**
                                                 John D. Holschuh, Judge
                                                 United States District Court